UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONALD BOOKER,

                Plaintiff,

    v.

D. LEE, et al.,

                Defendants.

Case No. 2:22-cv-07258-SPG-JC

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

      On October 4, 2022, Plaintiff Donald Booker, who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against four Defendants employed at California State Prison, Los Angeles County in Lancaster, California. (ECF Nos. 1, 9). On June 12, 2023, Defendants filed a Motion to Dismiss the Complaint ("Motion") which Plaintiff did not oppose. (ECF No. 27). On October 2, 2023, the Magistrate issued a Report and Recommendation detailing deficiencies in the Complaint and recommending that the Court grant the Motion. (ECF Nos. 29-30). Plaintiff did not file any objections to the Report and Recommendation.

1        On March 26, 2024, this Court issued an Order ("March Order") adopting the facts and procedural history set out in the Report and Recommendation, its analysis, findings, and conclusions relative to the deficiencies in the Complaint, and its recommendation to grant the Motion. (ECF No. 48). The Court accordingly, granted the Motion, dismissed the Complaint with leave to amend, and directed Plaintiff within twenty-one days (i.e., by April 16, 2024) to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint. (ECF No. 48). The March Order further cautioned Plaintiff that the failure to timely file a First Amended Complaint, a Notice of Dismissal, or Notice of Intent to Stand on Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action with or without prejudice based on, among other things, Plaintiff's failure to diligently prosecute and/or failure to comply with the March Order. (ECF No. 48). Notwithstanding the expiration of the foregoing deadline, Plaintiff has not complied with the March Order or filed anything in this action since the issuance of the March Order.

        It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (as amended), *cert. denied*, 506 U.S. 915 (1992); *see also McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted).

        In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly'

support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." *Ferdik*, 963 F.2d at 1261 (citation omitted).

Here, dismissal is appropriate based on Plaintiff's failure to comply with the March Order and the failure to prosecute. The Court has considered the five factors discussed above—the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. He has done nothing. *See Edwards*, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendant, also weighs strongly in favor of dismissal. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, because Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the March Order, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. *See, e.g., Yourish v. California Amplifier*, 191 F.3d 983, 989-90 (9th Cir. 1999) (dismissal of action with prejudice not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

1      IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the March Order. Judgment shall be entered accordingly.

     **IT IS SO ORDERED.**

DATED: August 20, 2024

                                       HON. SHERILYN PEACE GARNETT
                                       UNITED STATES DISTRICT JUDGE